**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION**

CHANDRA TAYLOR                                                                                    PLAINTIFF

v.                                                          CIVIL ACTION NO.: 2:12-CV-107-SA-JMV

OCWEN LOAN SERVICING, LLC, ET AL.                                               DEFENDANTS

**MEMORANDUM OPINION**

On June 19, 2012, Plaintiff Chandra Taylor, pro se, commenced this action against Defendants Ocwen Loan Servicing, LLC, Equifirst Corporation, Homeq Servicing Corporation, Realty Title & Escrow Co., Inc., Mortgage Electronic Registration System, MERS, INC., Lehman Brothers Holdings, Inc., and Shapiro & Massey, LLC. Plaintiff's Complaint seeks to "restrict and prohibit foreclosure and sale" of Plaintiff's home and seeks damages arising from the allegedly wrongful foreclosure activities engaged in by the Defendants. Before the Court are a number of Motions to Dismiss [8, 14, 19] filed by Defendants. On November 8, 2012, the Court granted Plaintiff's Motion to Proceed in forma pauperis and instructed Plaintiff that if she intended to file a response to the then-pending Motions to Dismiss [8, 14], those responses would be due on November 29, 2012.[1] To date, Plaintiff has failed to respond.

**JURISDICTION**

The first issue to be considered is whether the Court has subject-matter jurisdiction over this action. "Federal courts, both trial and appellate, have a continuing obligation to examine the basis for their jurisdiction. The issue may be raised by parties, or by the court *sua sponte*, at any time." MCG, Inc. v. Great Western Energy Corp., 896 F.2d 170, 173 (5th Cir. 1990). Rule 12(h)(3) of the Federal Rules of Civil Procedure provides that "[i]f the court determines at any time that it lacks

---

[1] Realty Title & Escrow's Motion to Dismiss [19] was filed after the Court's order.

subject-matter jurisdiction, the court must dismiss the action." FED R. CIV. P. 12(h)(3). In their Motion to Dismiss [8], certain Defendants allege that the Court lacks subject matter jurisdiction to hear this case.

The Complaint's jurisdictional allegations are as follows:

The United States District Court for the Northern District of Mississippi has jurisdiction based on "diversity jurisdiction" pursuant to The United States Constitution Article III, § 2 and 28 U.S.C. § 1331. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 2241 because [p]ending foreclosure sale on Plaintiff's real property is in violation of the Constitution and laws of the United States. The Court has jurisdiction under 28 U.S.C. § 1332, in that the amount in controversy is in excess of $75,000.00. The Plaintiff also invokes the jurisdiction of this Court pursuant to 28 U.S.C. § 1343(4) in that the Plaintiff seeks to redress deprivation of rights guaranteed by both the Constitution and federal statutes. Venue is appropriate in this District under 28 U.S.C. § 1391(b)(1), (b)(2), and (c).

Diversity of citizenship means that the action is between "citizens of different States." 28 U.S.C. § 1332(a).[2] However, diversity jurisdiction is not present in this case because both Plaintiff and Defendant Shapiro and Massey, LLC, are residents of Mississippi.[3] The other provisions cited by Plaintiff are insufficient to confer federal jurisdiction. 28 U.S.C. § 2241, which governs writs of habeas corpus, requires that the movant be "in custody." See 28 U.S.C. § 2241(c). Plaintiff is not a prisoner. Plaintiff also cites 28 U.S.C. § 1343(4), which confers federal jurisdiction over suits "[t]o recover damages or to secure equitable or other relief under any Act of Congress providing for

---

[2]28 U.S.C. § 1331, which is mis-cited in the Complaint as creating diversity jurisdiction, addresses federal question jurisdiction.

[3]Although Plaintiff does not allege the domicile of Shapiro & Massey, LLC in her Complaint, the records of the Secretary of State's office indicate that Shapiro & Massey, LLC is a limited liability company organized under the laws of the state of Mississippi, and the Court takes judicial notice of this fact. Shaw v. Rogers, 2007 WL 1295799, *1 (S.D. Miss. May 1, 2007); FED. R. EVID. 201. Pursuant to 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."

the protection of civil rights, including the right to vote." Plaintiff's Complaint does not allege a violation of any federal statute providing for the protection of civil rights. Therefore, jurisdiction is not proper under 28 U.S.C. § 1343(4).

However, the Court must still consider whether the Court may exercise federal question jurisdiction pursuant to 28 U.S.C. § 1331. Although the gravamen of Plaintiff's Complaint relates to state law claims, subsequent allegations in the Complaint contain scattered references to violations of a number of federal statutes, including an allegation that the Defendants violated the Truth in Lending Act. "Ordinarily, the 'test of federal jurisdiction is not whether the cause of action is one on which the claimant can recover. Rather, the test is whether 'the cause of action alleged is so patently without merit as to justify . . . the court's dismissal for want of jurisdiction." S.E.C. v. Mutual Benefits Corp., 408 F.3d 737, 741 (11th Cir. 2005). Applying that standard, the Court concludes that it possesses subject matter jurisdiction pursuant to 28 U.S.C. § 1331, even though the Court ultimately concludes that Plaintiff has failed to state a federal claim. See Litecubes, LLC v. Northern Light Products, Inc., 523 F.3d 1353, 1361 (Fed. Cir. 2008) ("if . . . the complaint fails to allege a cause of action upon which relief can be granted, this failure to state a proper cause of action calls for judgment on the merits and not for a dismissal for want of jurisdiction.") (internal quotations omitted).

## MOTION TO DISMISS STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "A claim has facial plausibility when the plaintiff

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. Lormand v. U.S. Unwired, Inc., 565 F.3d 228, 232-33 (5th Cir. 2009). But the court is not bound to accept as true legal conclusions couched as factual allegations. Iqbal, 556 U.S. at 678-79, 129 S. Ct. 1937. A legally sufficient complaint must establish more than a "sheer possibility" that the plaintiff's claim is true. Id., 129 S. Ct. 1937. It need not contain detailed factual allegations, but it must go beyond labels, legal conclusions, or formulaic recitations of the elements of a cause of action. Twombly, 550 U.S. at 555, 127 S. Ct. 1955. In other words, the face of the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiff's claim. Lormand, 565 F.3d at 255-57. If there are insufficient factual allegations to raise a right to relief above the speculative level, the claim must be dismissed. Twombly, 550 U.S. at 555, 127 S. Ct. 1955.

Additionally, Title 28 U.S.C. § 1915(e) authorizes the Court to *sua sponte* dismiss a case filed by a plaintiff proceeding *in forma pauperis* upon a determination that the complaint or any claim therein is frivolous or malicious, that fails to state a claim for which relief can be granted, or that seeks monetary relief against an immune defendant. Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994); see Jackson v. Vannoy, 49 F.3d 175, 176–77 (5th Cir. 1995); Moore v. Mabus, 976 F.2d 268, 269 (5th Cir. 1992).

**DISCUSSION**

Although the majority of Plaintiff's Complaint pertains to state law claims, the Complaint contains scattered references to purported violations of federal law. For the foregoing reasons, the

Court finds that Plaintiff has failed to state a federal claim. Additionally, in light of the fact that Plaintiff's putative federal claims will be dismissed, the Court declines to exercise supplemental jurisdictions over the remaining state law claims.

**I.     Truth in Lending Act**

The Complaint alleges a purported Truth in Lending Act ("TILA") violation, stating:

> 89.    Defendant's cause of action is barred in whole or in part due to Defendant's violation of state and federal Truth in Lending Acts.
> 90.    Said violation, in addition to the fact that Plaintiff did not properly receive Notices Right to cancel, constitute a violation of 15 U S C sec. 1635 (a) and (b) and 12 CFR sec. 226.23(b) and are thus a legal basis for and legally extend Plaintiff right to exercise the remedy of rescission.

The TILA is a federal consumer protection statute that provides consumers with a cause of action against creditors who fail to make required disclosures. 15 U.S.C. §§ 1601 *et seq*. However, Section 1635, which allows the remedy of rescission, does not apply to "residential mortgage transactions." See 15 U.S.C. § 1635(e). Furthermore, TILA claims for rescission are subject to a three year statute of repose. 15 U.S.C. §§ 1635(f). This limitations period is not subject to equitable tolling. See Beach v. Ocwen Fed. Bank, 523 U.S. 410, 419, 118 S. Ct. 1408, 140 L. Ed. 2d 566 (1998); Lowery v. Capital One Mortg., 429 F. App'x 377, 378 (5th Cir. 2011). As the loans at issue in this suit were closed on September 18, 2006, and the instant suit not filed until June 19, 2012, any claim for an alleged TILA violation is time barred. Accordingly, the Court dismisses Plaintiff's TILA claim.

**II.    Racketeer Influenced and Corrupt Organizations Act**

The Complaint also refers to alleged violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961 *et seq*. The three essential elements of a civil RICO

claim are: (1) a person who engages in (2) a pattern of racketeering activity (3) connected to the acquisition, establishment, conduct, or control of an enterprise. Delta Truck & Tractor, Inc. v. J.I. Case Company, 855 F.2d 241, 242 (5th Cir. 1988). To withstand a motion to dismiss, a civil RICO plaintiff must allege facts sufficient to establish each of the essential elements of his RICO claim. See Price v. Pinnacle Brands, Inc., 138 F.3d 602, 606 (5th Cir.1998). The Court finds that the Complaint fails to state a plausible RICO claim. The Complaint does not identify which provision of 18 U.S.C. § 1962 that Defendants allegedly violated, and Plaintiff's conclusory references to RICO violations are not entitled to the assumption of truth. Iqbal, 556 U.S. at 678-79, 129 S. Ct. 1937. Accordingly, Plaintiff's RICO claim should be dismissed.

### III.    National Currency Act

The Complaint also references the National Currency Act—now also known as the National Bank Act—and asserts that "Federal Reserve notes are not money by law." The Complaint alleges:

> Defendants and all of them violated federal law in that Banks or Financial Institutions cannot, [sic] loan the capital stock of their directors, nor can they loan the money of their depositors, and they can only loan money pursuant to Public Law Volume 13 of the 39th Congress Stat 99–118. Defendants and all of them have not followed any of the provisions of this monetary law of the United States of America.

The Court cannot discern which sections of the National Currency Act Taylor is invoking based on the convoluted allegations contained in the Complaint. Additionally, Taylor provides no case law or supporting facts to show that she has a private right to sue Defendants under the National Currency Act. Furthermore, the theory that Federal Reserve notes are not legal tender is meritless as a matter of law. See Julliard v. Greenman, 110 U.S. 421, 447-48 (1884) (holding that Congress has the power of making the notes of the United States a legal tender in payment of private debts, and that such power is not restricted by the fact that its exercise may affect the value of private

contracts). See also Foret v. Wilson, 725 F.2d 254 (5th Cir. 1984) (dismissing plaintiff's argument that only gold and silver coin may be constituted legal tender by the United States). Thus, the Court dismisses Taylor's claims to the extent they arise out of a violation of the National Currency Act.

### IV. Fair Debt Collection Practices Act / Foreclosure Act

Taylor's Complaint also references in passing unspecified violations of the "Foreclosure Act" and the "FDCA."[4] Taylor does not cite or make reference to any particular statutory provision. Nevertheless, to the extent Taylor intends to assert a claim under the Protecting Tenants at Foreclosure Act of 2009, Public Law 111–22, she fails because the Act does not create a private right of action. See Patriot Bank v. Monroe, 2011 WL 5105755, at *1 (E.D. Tex. Oct. 27, 2011) (citing Wells Fargo Bank v. Lapeen, 2011 WL 2194117 (N.D. Cal. June 6, 2011)).

Nor does Taylor state a claim under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*. The FDCPA applies only to persons who "use [ ] any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collect [ ] or attempt [ ] to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). Mortgage lenders are not "debt collectors" within the meaning of the FDCPA. See Perry v. Stewart Title Co., 756 F.2d 1197, 1208 (5th Cir.1985) (definition of "debt collector" does not include mortgage servicing companies); Williams v. Countrywide Home Loans, Inc., 504 F. Supp. 2d 176, 190 (S.D. Tex. 2007), aff'd, 269 F. App'x. 523 (5th Cir. 2008) (mortgage companies collecting debts are not "debt collectors"). See

---

[4] For example, the Complaint alleges, without further specificity that Defendants "will in the future engage in conduct in direct violation of the Foreclosure Act, the UCC and the FDCA," "Defendants are violating and have violated the Foreclosure Act, the UCC, and the FDCA." The Court assumes that Plaintiff is referring to the Fair Debt Collection Practices Act.

also Kaltenbach v. Richards, 464 F.3d 524, 527 n.3 (5th Cir. 2006) (stating that the Fifth Circuit has "at least implicitly recognized that a foreclosure is not per se an FDCPA debt collection"). The Court finds that Plaintiff's vague allegations of unspecified violations of the FDCPA are insufficient to state a plausible claim for relief, and these claims are due to be dismissed.

**V.     Remaining State Law Claims**

Because Plaintiffs' federal claims have been dismissed and no other basis for federal jurisdiction exists, the Court must decide whether to exercise supplemental subject-matter jurisdiction over Plaintiff's remaining state law claims. The Court possesses the discretion to retain jurisdiction of the remaining state law claims pursuant to 28 U.S.C. § 1367. See Smith v. Amedisys Inc., 298 F.3d 434, 446 (5th Cir. 2002). As this case is still in the early stages and no discovery has been conducted, the Court finds that the interests of comity, judicial economy, and fairness weigh against retaining jurisdiction over Plaintiff's pendent state law claims. See Certain Underwriters at Lloyd's, London v. Warrantech Corp., 461 F.3d 568, 578 (5th Cir. 2006) (explaining "it is our 'general rule' that courts should decline supplemental jurisdiction when all federal claims are dismissed or otherwise eliminated from a case"). Accordingly, Plaintiff's remaining state law claims are dismissed without prejudice.

**CONCLUSION**

This Court finds that it has jurisdiction pursuant to 28 U.S.C. § 1331. However, Plaintiff's Federal Claims are dismissed with prejudice pursuant to Rule 12(b)(6). The Court declines to exercise supplemental jurisdiction over the remaining state law claims, and such claims are dismissed without prejudice.

SO ORDERED on this, the 7th day of February, 2013.

/s/ Sharion Aycock
**UNITED STATES DISTRICT JUDGE**