**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION**

**CHANDRA TAYLOR**                                                                                    **PLAINTIFF**

**v.**                                                    **CIVIL ACTION NO.: 2:12-CV-107-SA-JMV**

**OCWEN LOAN SERVICING, LLC, ET AL.**                                            **DEFENDANTS**

**MEMORANDUM OPINION**

On June 19, 2012, Plaintiff Chandra Taylor, *pro se*, commenced this action against

Defendants Ocwen Loan Servicing, LLC, Equifirst Corporation, Homeq Servicing Corporation,

Realty Title & Escrow Co., Inc., Mortgage Electronic Registration System, MERS, INC., Lehman

Brothers Holdings, Inc., and Shapiro & Massey, LLC.  Plaintiff's Complaint seeks to "restrict and

prohibit foreclosure and sale" of Plaintiff's home and seeks damages arising from the allegedly

wrongful foreclosure activities engaged in by the Defendants.

On February 7, 2013, the Court granted in part a number of motions to dismiss [8, 14, 19]

filed by Defendants.  The Court dismissed Plaintiff's federal law claims with prejudice and,

declining to exercise supplemental jurisdiction over her remaining state law claims, dismissed the

same without prejudice [25].  The Court later granted in part and deferred in part a Motion to Alter

Judgment [29] filed by Defendant Equifirst Corporation, vacating its prior ruling to the extent that

Defendant Shapiro & Massey, LLC was deemed an in-state defendant, thereby destroying diversity.

In that opinion, the Court declined to exercise supplemental jurisdiction over Plaintiff's state law

claims.

In altering that judgment, the Court deferred ruling on the jurisdictional question in order to

allow all parties the opportunity to offer briefing and evidence on the issue of whether the Court

possesses diversity jurisdiction.  Having considered all relevant motions, responses, rules, and

authorities, the Court now finds diversity jurisdiction exists in this matter and the Court exercises

jurisdiction. However, Plaintiff's state law claims are due to be dismissed with prejudice.

**JURISDICTIONAL STANDARD**

The first issue to be considered is whether the Court has subject-matter jurisdiction over this

action. "Federal courts, both trial and appellate, have a continuing obligation to examine the basis

for their jurisdiction. The issue may be raised by parties, or by the court *sua sponte*, at any time."

MCG, Inc. v. Great Western Energy Corp., 896 F.2d 170, 173 (5th Cir. 1990). Original federal

diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of

$75,000.00, exclusive of interest and costs, and is between . . . citizens of different States." 28

U.S.C. § 1332(a); Addo v. Globe Life & Acc. Ins. Co., 230 F.3d 759, 761 (5th Cir. 2000). In their

Motion to Dismiss [8], certain Defendants allege that the Court lacks subject-matter jurisdiction to

hear this case because there is not complete diversity among the parties.[1]

Diversity

Diversity of citizenship means that the action is between "citizens of different States." 28

U.S.C. § 1332(a).[2] Although Plaintiff does not allege the domicile of Shapiro & Massey, LLC in

her Complaint, the Court has previously taken judicial notice that Shapiro is a limited liability

company organized under the laws of the state of Mississippi per the records of the Secretary of

State's office. Shaw v. Rogers, 2007 WL 1295799, at *1 (S.D. Miss. May 1, 2007); FED. R. EVID.

201. However, whether Shapiro, as a limited liability company, was "organized under the laws of

---

[1]The Court previously determined that Plaintiff's Complaint contained no other jurisdictional allegations sufficient to serve as the basis for subject matter jurisdiction.

[2] 28 U.S.C. § 1331, which is mis-cited in the Complaint as creating diversity jurisdiction, addresses federal question jurisdiction.

the State of Mississippi" is immaterial for diversity jurisdiction purposes. Rather, the citizenship

of an LLC is determined by the citizenship of "all its members." Harvey v. Grey Wolf Drilling Co.,

542 F.3d 1077, 1080 (5th Cir. 2008). There is no evidence in the record before the Court regarding

the citizenship of the members of Shapiro.

Instead, Equifirst argues Shapiro's citizenship, whatever it may be, should be disregarded

for diversity purposes because it is not a real party in interest. As the Fifth Circuit has recognized,

"[t]he 'citizens' upon whose diversity a plaintiff grounds jurisdiction must be real and substantial

parties to the controversy." Corfield v. Dallas Glen Hills LP, 355 F.3d 853, 857 (5th Cir. 2003).

With regard to Shapiro, Plaintiff's Complaint alleges

> Defendant, SHAPIRO & MASSEY, LLC ("SHAPIRO & MASSEY") is Substitute
> Trustee for the benefit of MORTGAGE ELECTRONIC REGISTRATION
> SYSTEMS, INC., "MERS" acting solely as a nominee for "MERS" and it's
> successors and assigns. **"SHAPIRO & MASSEY" is party to this action only in
> the capacity of Substitute Trustee of Plaintiff's Deed of Trust**, and the relief
> sought against Defendant "SHAPIRO & MASSEY" is injunctive relief prohibiting
> foreclosure sale & decree for trial.

(emphasis added).

Equifirst directs the Court to several opinions wherein federal courts sitting in Mississippi

have found substituted trustees to be nominal parties whose citizenship should be disregarded for

purposes of determining diversity jurisdiction. See Jeanes-Kemp, LLC v. Johnson Controls, Inc.,

2010 WL 502698, at *1 (S.D. Miss. Feb. 5, 2010) ("Under Mississippi law, a trustee under a deed

of trust is merely a formal party, because he is 'little more than an agent, albeit for both parties, and

the writing prescribes his duties.' Wansley v. First Nat'l Bank of Vicksburg, 566 So. 2d 1218, 1223

(Miss. 1990). This Court has held that trustees joined as a party merely because they occupy the

position pursuant to a deed of trust, are nominal parties.") (citations omitted); see also Fed. Nat'l

Mortg. Ass'n v. Moser, 2011 WL 2489984, at *1 n.1 (S.D. Miss. June 22, 2011); Sones v. Simmons,

2006 WL 2805325, at *2 (S.D. Miss. Sept. 25, 2006); Hawkins v. Wells Fargo Bank, N.A., 2008

WL 216529, at *1 (S.D. Miss. Jan. 23, 2008). The Court agrees and finds Shapiro, as the substituted

trustee, is a nominal and unnecessary party for the purposes of determining diversity jurisdiction.

As no other Defendant is a resident of Mississippi, the Court finds complete diversity exists in this

matter.

Amount in Controversy

Plaintiff's Complaint does not allege a specific amount of damages, instead demanding

"exemplary and punitive damages." Plaintiff also seeks declarative and injunctive relief to prevent

Defendants from enforcing a lien against or foreclosing on her property. Diversity jurisdiction exists

"where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and

costs . . . ." 28 U.S.C. § 1332(a). Equifirst argues that the amount in controversy requirement has

been met based upon Plaintiff's demand for unspecified punitive damages as well as her claims for

non-monetary relief. Indeed, "federal courts in Mississippi have consistently held that a claim for

an unspecified amount of punitive damages under Mississippi law is deemed to exceed the amount

necessary for federal jurisdiction." Brasell v. Unumprovident Corp., 2001 WL 1530342, at *2 (N.D.

Miss. Oct. 25, 2001).

Additionally, "[i]n actions seeking declaratory or injunctive relief, it is well established that

the amount in controversy is measured by the value of the object of the litigation." Farkas v. GMAC

Mortgage, L.L.C., 737 F.3d 338, 341 (5th Cir. 2013) (holding that where the purpose of injunctive

and declaratory relief is to stop the foreclosure sale of property, such property is established as the

object of litigation). Further, "the amount in controversy, in an action for declaratory or injunctive

relief, is the value of the right to be protected or the extent of the injury to be prevented." <u>Leininger</u> <u>v. Leininger</u>, 705 F.2d 727, 729 (5th Cir.1983). Plaintiff alleges in her Complaint that she "is the Grantor of the original Deed of Trust . . . in the amount of $83,920.00 . . . and [the second Deed of Trust] in the amount of $20,980.00." She also alleges she "sent defendant OCWEN two (2) Electronic Funds Transfer 'EFT's' via certified mail . . . in the amounts of $81,175.50 and . . . $20,589.53 . . . to discharge the associated debts." Accordingly, the Court finds based upon Plaintiff's claim for unspecified punitive damages and upon her claims for non-monetary relief that the amount in controversy threshold is met and federal subject-matter jurisdiction exists.

### MOTION TO DISMISS STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citing <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id.</u>, 129 S. Ct. 1937.

A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. <u>Lormand v. U.S. Unwired, Inc.</u>, 565 F.3d 228, 232-33 (5th Cir. 2009). But a court is not bound to accept as true legal conclusions couched as factual allegations. <u>Iqbal</u>, 556 U.S. at 678-79, 129 S. Ct. 1937. A legally sufficient complaint must establish more than a "sheer possibility" that the plaintiff's claim is true. <u>Id.</u>, 129 S. Ct. 1937. It need not contain detailed factual allegations, but it must go beyond labels, legal conclusions, or formulaic recitations of the elements of a cause of action. <u>Twombly</u>, 550 U.S. at 555, 127 S. Ct. 1955. In other words, the face of the

complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiff's claim. Lormand, 565 F.3d at 255-57. If there are insufficient factual allegations to raise a right to relief above the speculative level, the claim must be dismissed. Twombly, 550 U.S. at 555, 127 S. Ct. 1955.

The Court liberally construes pleadings made by *pro se* plaintiffs. Johnson v. Atkins, 999 F.2d 99, 100 (5th Cir. 1993); see also Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972) (noting that *pro se* complaints are held "to less stringent standards than formal pleadings drafted by lawyers"). However, 28 U.S.C. Section 1915(e) authorizes the Court to *sua sponte* dismiss a case filed by a plaintiff proceeding *in forma pauperis* upon a determination that the complaint or any claim therein is frivolous or malicious, that fails to state a claim for which relief can be granted, or that seeks monetary relief against an immune defendant. Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994); see Jackson v. Vannoy, 49 F.3d 175, 176–77 (5th Cir. 1995); Moore v. Mabus, 976 F.2d 268, 269 (5th Cir. 1992).

## DISCUSSION

Having previously dismissed Plaintiff's federal law claims with prejudice, the Court now addresses the remaining state law claims.

### Fraud and Misrepresentation

Defendants argue that Plaintiff has failed to plead facts sufficient to support a cause of action based on fraud. Pursuant to Mississippi Rule of Civil Procedure 9(b), "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Further, "the failure to plead [fraud-based allegations] sufficiently will result in the dismissal of the complaint." State Indus., Inc. v. Hodges, 919 So. 2d 943, 946 (Miss. 2006). As the Mississippi

Supreme Court has stated, "[f]raud will not be inferred or presumed and may not be charged in general terms. The circumstances of the alleged fraud such as the time, place and contents of any false representations or conduct must be stated." Howard v. Estate of Harper ex rel. Harper, 947 So. 2d 854, 861 (Miss. 2006) (quoting Allen v. Mac Tools, Inc., 671 So. 2d 636, 642 (Miss.1996)).

The Court finds Plaintiff has failed to sufficiently plead allegations of fraud and/or misrepresentation. In pertinent part, Plaintiff's Complaint states

> Defendants and all of them concealed material facts known to them but not to Plaintiffs regarding sales and assignments of the Note, transfers of the Note, and charges with the intent to defraud Plaintiff.

> Defendants and each of them made false representations, concealments and nondisclosures with knowledge of the misrepresentations, intending to induce Plaintiff' reliance thereon, which the unsuspecting Plaintiff justifiably relied upon, resulting in general and special damages as well as mental distress.

Such vague, generalized allegations are insufficient to meet the standard required by Mississippi Rule of Civil Procedure 9(b), and thus, Plaintiff's claims for fraud and misrepresentation must be dismissed.

Wrongful Foreclosure

Plaintiff alleges "Defendants do not have the legal authority to foreclose" on her property. In support of this contention, Plaintiff further alleges "the loan is void of legal rights to enforce it" and that Defendant Ocwen Loan Servicing, LLC refused to accept but did not return two payments via electronic funds transfer sent by Plaintiff to discharge the debts on her property. However, Plaintiff fails to allege there has been any actual foreclosure of the property at issue. Instead, she alleges only that "the Defendants and all of them are engaged in a fraudulent foreclosure of the Subject Property."

The Court agrees with Defendants' contention that there can be no claim for wrongful

7

foreclosure absent a foreclosure having taken place. See Hutcherson v. JPMorgan Chase Bank, N.A., 2012 WL 37393, at *4 (S.D. Miss. Jan. 6, 2012) ("Plaintiff has failed to cite any Mississippi law regarding a cause of action for attempted wrongful foreclosure. It does not appear that such a cause of action exists."). "The Mississippi Supreme Court has affirmed that there must actually be a foreclosure before a plaintiff can assert a claim of wrongful foreclosure." Id. (citing McKinley v. Lamar Bank, 919 So. 2d 918, 930 (Miss. 2005)). Because Plaintiff fails to allege that a foreclosure sale has taken place, her claim for wrongful foreclosure must be dismissed.[3]

### Slander of Title

In support of her claim for slander of title, Plaintiff alleges "Defendant MERS, purportedly but falsely acting as either the trustee or the agent of the beneficiary of the Deed of Trust or the agent of LEHMAN BROTHERS, wrongfully and without privilege caused a Notice of Default to be recorded against the Subject Property" and "caused a Notice of Trustee's Sale to be recorded against the subject Property." Plaintiff further alleges "Defendants . . . were ever [sic] a trustee, beneficiary or assignee of any beneficiary of any Deed of Trust recorded against the Subject Property," and thus, "they wrongfully caused the recording of the Notice of Default, Notice of Trustee's Sale and Trustee's Deed Upon Sale against the Subject Property." Plaintiff also asserts that "[t]he conduct of the Defendants caused Plaintiff to suffer general and special damages . . . ."

A claim for slander of title is usually brought in conjunction with an action to quiet title. Jeanes-Kemp, LLC, 2010 WL 1667287, at *2. "[T]he general rule of liability for slander of title is

---

[3] Additionally, the Court agrees with Defendants' argument that Plaintiff's standing allegations do not support a claim of wrongful foreclosure. Plaintiff contends that none of the defendants are the owner and holder of the mortgage and note and, thus, have no right to commence a foreclosure action against her. Courts have routinely rejected such "show me the note" theories. See Emmons v. Capital One, N.A., 2012 WL 773288, at *3 (S.D.Miss. Mar. 6, 2012) (citations omitted).

. . . '[o]ne who falsely and maliciously publishes matter which brings in question or disparages the title to property, thereby causing special damage to the owner, may be held liable in a civil action for damages.'" Walley v. Hunt, 54 So. 2d 393, 396 (Miss. 1951) (quotation omitted). Though Plaintiff alleges Defendants "wrongfully" caused the notices to be recorded because Defendants were "falsely acting as either the trustee or the agent of the beneficiary of the Deed of Trust or the agent of LEHMAN BROTHERS," she makes no allegations that Defendants acted maliciously nor does she allege any facts which might allow the Court to make a reasonable inference that Defendants slandered the title to her property. Thus, Plaintiff's claim for slander of title is dismissed.

### Conflict of Interest

Plaintiff devotes nine paragraphs of her Complaint to a claim for "conflict of interest." However, the Court finds that the majority of these allegations merely repeat Plaintiff's contention that none of the Defendants had standing or authority to foreclose on the property. Plaintiff does additionally allege "MERS acts as a Nominee for more than one principal in the same transaction, and conceals the identity therefore if a Nominee is the same as an agent MERS cannot act as an agent for multiple Banks, insurance and title companies and Mortgage Companies because of a serious conflict of interest." Nevertheless, Plaintiff offers no specific facts in support of these vague and conclusory allegations, and as such, her "conflict of interest" claim must be dismissed.

### Changing the State of a Negotiable Instrument

In this section of her Complaint, Plaintiff again alleges Defendants have no right to foreclose on her property. Plaintiff alleges her "loan has been converted into a stock" and that "[o]nce a loan has been securitized, it forever loses its security (i.e., the Deed of Trust, or the ability for the

9

Defendants to foreclose on Plaintiff's home)." The Court joins with other courts who have considered such a theory and found it to be without merit or legal basis. See e.g. Wittenberg v. Wells Fargo Bank, N.A., 2012 WL 443781, at * 19 (N.D. W.Va. Feb.10, 2012) (rejecting arguments by the borrower that securitization of her loan rendered her note unenforceable); Suss v. JP Morgan Chase Bank, N.A., 2012 WL 2733097, at *5–6 (D. Md. July 9, 2010) (same); Frazier v. Aegis Wholesale Corp., 2011 WL 6303391, at *4 (N.D. Cal. Dec.16, 2011) (holding that securitization of the borrower's loan had no effect on the ability of MERS to foreclose or transfer); Upperman v. Deutsche Bank Nat'l Trust Co., 2010 WL 1610414, at *3 (E.D. Va. Apr.16, 2010) (finding no authority that the mere existence of a pooling or servicing agreement or investment trust can relieve borrowers of their obligation to perform under a duly executed note and deed of trust, and holding that even if the note was securitized, the borrower's claim that such securitization rendered the note and deed of trust unenforceable was legally flawed); Lamb v. Wells Fargo Bank, N.A., 2012 WL 1888152, at *5 (N.D. Tex. May 24, 2012) (finding the borrower's argument that a pooling and servicing agreement prevented assignment of his mortgage meritless, and explaining that the mortgage and the mortgage loan were not interchangeable and therefore the transfer of the mortgage loan into the trust did not affect MERS' authority as the lender's nominee and beneficiary to sell, transfer, assign, or foreclose on the property at issue). Accordingly, this claim is dismissed.

## CONCLUSION

This Court finds that it has jurisdiction pursuant to 28 U.S.C. § 1332. However, Plaintiff fails to state a claim upon which relief may be granted. Accordingly, Plaintiff's state law claims are dismissed with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6), and this case is hereby closed.

SO ORDERED on this, the 24th day of January, 2014.

/s/ Sharion Aycock
**UNITED STATES DISTRICT JUDGE**